LeSUEUR, Judge.
Plaintiff has appealed from a judgment in favor of defendant, dismissing plaintiff’s demands with prejudice.
On May 30, 1967, one of defendant’s employees was instructed to go to the main office of plaintiff and obtain a Ditch-Witch trenching machine and trailer under a written rental contract. The trailer was attached to a trailer hitch on defendant’s truck by plaintiff’s employees.
Defendant’s employee proceeded to a job in Norco, La., and upon completion of that job crossed the Huey P. Long Bridge and proceeded up the River Road toward Taft, La. As defendant’s employee was coming out of a curve at approximately 35 miles per hour, he stated that the trailer swayed or whipped around a bit and then became disengaged from the truck. Both Ditch-Witch and trailer came to rest in a ditch adjacent to the highway. The damages to those pieces of equipment resulting from this accident form the basis of this suit.
The trial judge gave written reasons for judgment, part of which stated:
“Apparently from the testimony, one of two things happened. Either Maheu attempted to negotiate the curve too swiftly and the machine tumbled off the trailer or else the hitch came loose, causing the trailer to swerve to the right, breaking the safety chain.
“Considering the evidence presented, the Court is of the opinion that the latter possibility is more meritorious and thus plaintiff has not successfully borne the required burden of proof.
“There is no positive proof of excessive speed of any other negligence on Na-heu’s part. The Court concludes that the trailer hitch was not properly placed on the ball hitch of the truck and that it worked loose.
“Maheu’s uncontradicted testimony is that the safety chain broke, one piece being on the truck after the accident and the other piece still attached to the trailer. This negates plaintiff’s contention that the trailer hitch wasn’t taken off the truck until after the accident.”
Plaintiff contends that defendant, as lessee, has to absolve itself from liability for damages beyond normal wear and tear. To do so, defendant has to show that the damages did not result from any negligence or fault on its part.
As stated in the trial judge’s written reasons, defendant has produced uncon-tradicted testimony that the trailer and trenching machine became disengaged from the truck and that defendant’s employee was driving in a careful manner at the time. Plaintiff has not been able to present any positive proof to the contrary. Since the only testimony was given by defendant’s employee, the trial judge either had to believe him or find that the testimony was unworthy of belief. Apparently the trial judge believed the testimony of defendant’s employee, although plaintiff attempted to discredit this testimony with statements of its employees which the trial judge did not find persuasive. Plaintiff’s proof of its claim consisted of rebuttal evidence in opposition to that presented by defendant. Although defendant’s employee admitted that this was his first attempt at pulling a trailer, the trial judge did not find any negligence or fault in his operation thereof. After reading the record, we *455 are of the opinion that the trial judge has committed no error in this judgment.
Another basis for dismissing plaintiff’s action was plaintiff’s failure to prove damages sustained as a result of the accident. Although plaintiff submitted estimates of the expected costs of repair, it did not submit actual costs of parts and repairs to the trailer nor of the loss sustained by trading in the damaged Ditch-Witch, which was relatively new, on a replacement.
For the foregoing reasons, the judgment of the trial court in favor of defendant, dismissing plaintiff’s suit with prejudice, is affirmed; costs of this appeal to be borne by plaintiff.
Affirmed.